**Exhibit A**

| Summons | CIVIL DOCKET NO. 2172-CV-00462 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Kevin H. Clayton Plaintiff(s) vs. Hyannis Air Service Inc. a/k/a Cape Air and Philip Mackay Defendant(s) | | Barnstable Clerk of Courts County COURT NAME & ADDRESS: Barnstable Superior Court 3195 Main Street Barnstable, MA 02630 |

THIS SUMMONS IS DIRECTED TO ____Philip Mackay____ (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Barnstable Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. How to Respond.

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original response** with the Clerk's Office for Civil Business, Barnstable Superior Court P.O. Box 425 or 3195 Main St., Barnstable, MA 02630 (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
    Attorneys John Barker + John Gallant
    Gallant & Ervin, LLC
    One Olde North Rd., Suite 103, Chelmsford, MA 01824

3. What to Include in Your Response.

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your court no more than 10 days after sending your Answer.

"A True Copy Attest"
Thomas B. Dolby, Constable
Disinterested Person

3 (cont). You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on _____, 20___ . (Seal)

Clerk-Magistrate Scott W. Nickerson     *Scott W. Nickerson*

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____     Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 7/21

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS                                    SUPERIOR COURT
                                                  DOCKET NO. _____

---

Kevin H. Clayton,
    Plaintiff

v.

Hyannis Air Service Inc. a/k/a Cape Air,
and Phillip Mackay,
    Defendants

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff Kevin H. Clayton ("plaintiff" or "Mr. Clayton") hereby brings the following Complaint against defendants Hyannis Air Service Inc. a/k/a Cape Air ("Cape Air") and Phillip Mackay ("Mr. Mackay") (collectively, "defendants"). Plaintiff is represented in the above-captioned case by Attorneys John F. Gallant and John C. Barker, both of the firm Gallant & Ervin LLC [One Olde North Road, Chelmsford, MA 01824].

### Parties and Jurisdictional Allegations

1. Plaintiff Clayton, is an individual residing in North Truro, MA, with a mailing address of PO Box 568, North Truro, MA 02652.

2. Defendant Cape Air is a business operating the Provincetown, MA Airport, and with a home office at 660 Barnstable Road, Hyannis, MA 02601.

3. Defendant Philip Mackay works at the Provincetown, MA Airport, and has a residential address at 31 Wimbledon Dr., West Yarmouth, MA 02673.

4. Cape Air has 15 or more employees.

5. This discrimination case was brought originally in the Massachusetts Commission Against Discrimination ("MCAD") [No. 21NEM01745]. Plaintiff was the Complainant in that MCAD action, and Cape Air was the Respondent. Plaintiff is now removing the action from the MCAD, as permitted by M.G.L. ch. 151B §9 and 804 CMR

1

§1.04(12).

    6. Jurisdiction and venue are appropriate in the Barnstable Superior Court.

**Further Factual Allegations**

    7. Mr. Clayton was employed at Cape Air for many years, until 3/19/21. He first worked at Cape Air in Provincetown, MA, in a full-time capacity in 2005.

    8. Mr. Clayton was working as a station supervisor for Cape Air at the time of his termination.

    9. Mr. Clayton was fired by Cape Air on 3/19/21, in Provincetown, MA.

    10. From his first performance evaluation in his personnel file (5/29/10), Mr. Clayton has received good to excellent marks on each of his performance evaluations.

    11. Mr. Clayton's partner/boyfriend was and is George Smithers. Mr. Smithers worked at the Providence Airport from 2018 to 2020.

    12. In February 2019, when he was working at the airport, Mr. Smithers reported some buckets labelled as containing "flammable liquids" that had been left outside the terminal building at Provincetown Airport. These buckets appeared to contain toxic and/or flammable materials, and they were left outside unattended and not cordoned-off, so Mr. Smithers reported these buckets to the Transportation Security Agency ("TSA") manager, Alex Papps.

    13. Mr. Mackay, a TSA supervisor, was subsequently reprimanded in connection with these buckets.

    14. Mr. Mackay held Mr. Smithers's report against Mr. Clayton, because it had been his boyfriend who reported the buckets. As stated below, this was one of the bases for retaliation against Mr. Clayton.

    15. In the beginning of 2020, Mr. Clayton reported to Cape Air that the TSA did not have enough personnel to screen flights at the airport. Mr. Clayton sent this complaint/report to Cape Air Corporate Security, with copies to other Cape Air management. Although this was during the Covid shutdown, the airport employees still worked there, as essential workers. Mr. Mackay was held responsible for this shortage of personnel coverage.

    16. Because of these and other incidents, Mr. Mackay held a grudge against Mr. Clayton, and this was known by Cape Air employees at the airport. Mr. Mackay reported

the alleged 3/14/21 bathroom incident involving Mr. Clayton (see below), to Mr. Clayton's manager, because of Mr. Mackay's grudge against Mr. Clayton, in retaliation for the previous reports against Mr. Mackay.

### A. Cape Air's Wrongful Termination of Mr. Clayton

17. Mr. Clayton was fired, according to his personnel records, on 3/19/21 or 3/24/21.

18. The reason for his "involuntary separation" was "misconduct," and specifically because of an alleged bathroom incident at Provincetown Airport, on 3/14/21. This alleged bathroom incident was claimed to have been witnessed and was later reported by Mr. Mackay to Mr. Clayton's manager at Cape Air.

19. Specifically, Mr. Clayton was accused of having sex with a Cape Air patron in the men's room at the airport. Mr. Mackay claimed that he walked in on them.

20. Mr. Mackay's story was false. Mr. Clayton was not having sex with anyone in the men's room. Mr. Mackay fabricated this story.

### B. Improper Actions by Cape Air

21. Mr. Clayton's supervisor and other Cape Air management employees knew or should have known that this was a retaliatory report, suspect because of Mr. Mackay's grudge against Mr. Clayton. They should have investigated further, as set forth below.

22. In Cape Air's Personnel Handbook, there is a course of progressive discipline set forth from verbal warning to written warning to suspension. At least some further investigation would have been appropriate in this situation. The Personnel Handbook also requires employees such as Mr. Clayton to immediately report any safety concerns, and makes clear that retaliation against an employee who in good faith makes such a complaint/report, is strictly prohibited.

23. Cape Air management should have handled Mr. Mackay's complaint about Mr. Clayton differently. Mr. Mackay's complaint was false and retaliatory, and if they did not already know this, they could have ascertained this by speaking further with Mr. Clayton and with the patron (with whom Mr. Mackay claimed Mr. Clayton was having sex). They should have investigated further.

24. Cape Air relies on the TSA's approval for it to use Provincetown Airport. This creates a sensitive relationship between the federal TSA and Cape Air. Cape Air is

3

willing to follow the wishes of TSA employees, in order to maintain a positive relationship with the TSA. Mr. Clayton's accuser, Mr. Mackay, was a TSA Supervisor at the airport at the time, and thus had influence over Cape Air management.

25. Mr. Clayton was improperly terminated in retaliation for his complaints about safety-related violations by his accuser and co-employee.

C. **Discriminatory Animus**

26. Part of the animus behind Mr. Clayton's firing was discriminatory, based both on his sexual orientation and on his age.

27. Mr. Clayton was openly gay at this job. He is informed and believes that some Cape Air and/or TSA management employees were prejudiced against gay people (homophobic). They were quick to jump to the conclusion that he was having sex in the men's room, because he was gay. Further, plaintiff is informed and believes that airline personnel involved in the investigation were homophobic. His manager(s) and some co-workers disapproved of his sexual identity, and this contributed to his wrongful termination (on pretextual grounds).

28. Mr. Clayton was replaced by two younger employees, who he is informed and believes, worked at a much lower salary (being entry-level). Mr. Clayton was 57 when he was fired.

29. He also was 100% vested in his 401(k) plan through Cape Air, which matched 4% of his own contribution to that plan. And he had valuable flight benefits that came with his position -- that he could fly "non-rev" (stand-by) and at a substantial discount, on any airline anywhere.

30. Because of defendants' actions, plaintiff has claims for discrimination, wrongful termination, and retaliation against Cape Air.

**Mr. Mackay's False Story and Defamatory Accusations**

31. Mr. Mackay made up his story about plaintiff having sex with a customer in the bathroom at the airport. This story was false.

32. Mr. Mackay's story was also defamatory, and accused Mr. Clayton of immoral and unprofessional conduct.

33. Mr. Mackay's story was used as the basis for Mr. Clayton's firing.

4

### Plaintiff's Damages

34. As a result of his wrongful termination, Mr. Clayton has lost his salary and certain benefits. Before his termination, he was paid $20.50 per hour, which annualizes to about $44,000.

35. As noted, Mr. Clayton was enrolled in a profit-sharing/401(k) plan, in which he was 100% vested; Cape Air matched 4% of his own contribution to his 401(k) plan. He lost about $4,000 from employer contributions to his 401(k) plan because of his wrongful termination.

36. Further, Mr. Clayton had valuable flight benefits that came with his position -- that he could fly "non-rev" (stand-by) and at a substantial discount, on any airline anywhere.

37. In addition to the salary and benefits that Mr. Clayton lost, he was robbed of his dignity by being falsely accused by a co-worker who had a grudge against him, and by his employer going along with this false accusation and not sufficiently investigating it. As noted, he had worked for Cape Air for 17-18 years, so this was a moral and emotional blow to him.

### Count I, against Cape Air, for retaliatory firing

38. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs of this Complaint, as if fully set forth herein.

39. As detailed above, Mr. Clayton was retaliated against for the two instances of whistleblowing. The first was when the unguarded toxic materials were reported at the airport, and the second was when Mr. Clayton complained of under-staffing by the TSA.

40. Cape Air improperly fired Mr. Clayton based partly on retaliatory motives, and partly to placate the TSA by accepting its supervisor's story without sufficient corroboration.

41. Plaintiff suffered emotional and financial damages from being fired.

### Count II, against Cape Air, for discrimination based on sexual orientation

42. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs of this Complaint, as if fully set forth herein.

43. Cape Air improperly fired Mr. Clayton based partly on his sexual orientation, as detailed above.

44. Plaintiff suffered emotional and financial damages from being fired.

**Count III, against Cape Air, for age discrimination**

45. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs of this Complaint, as if fully set forth herein.

46. Cape Air improperly fired Mr. Clayton based partly on his age, as detailed above.

47. Plaintiff suffered emotional and financial damages from being fired.

**Count IV, against Mr. Mackay, for defamation**

48. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs of this Complaint, as if fully set forth herein.

49. Mr. Mackay fabricated a story (see above) about plaintiff having sex with a customer in the bathroom, and thus made plaintiff look both unprofessional while at work, and also sleazy.

50. Plaintiff was damaged by Mr. Mackay's false story, which caused him to be fired, which caused him emotional and financial damages.

**Count V, against Mr. Mackay, for intentional infliction of emotional distress**

51. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs of this Complaint, as if fully set forth herein.

52. Mr. Mackay deliberately and maliciously fabricated a story (see above) about plaintiff having sex with a customer in the bathroom, in order to make plaintiff look both unprofessional while at work, and also sleazy.

53. Mr. Mackay's retaliatory lies were extreme and outrageous and beyond all bounds of decency.

54. Plaintiff was damaged by Mr. Mackay's false story, which caused him to be fired, which caused him emotional and financial damages.

**WHEREFORE**, plaintiff respectfully requests that this Honorable Court award him the following relief:

1. Lost wages, lost benefits, and lost employment opportunity damages;
2. Pain and suffering damages for his wrongful termination and humiliation;
3. Such costs, expenses, and attorney's fees as are recoverable under law; and

4. Such other and further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Respectfully submitted,
Plaintiff Kevin Clayton,
By his Attorneys,

Date: 12-21-21

*/s/ John Barker*
John F. Gallant, BBO #547951
John C. Barker, BBO #637406
GALLANT & ERVIN, LLC
One Olde North Road, Suite 103
Chelmsford, MA 01824
978-256-6041
john@gallant-ervin.com
jbarker@gallant-ervin.com

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the above Complaint and supporting papers, on all counsel and/or parties of record.

Attorney Matthew D. Freeman
Jackson Lewis PC
75 Park Plaza
Boston, MA 02116

_____          _____
Date                                                       John C. Barker, Esq.

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF Barnstable | DOCKET NO. _____ |
|---|---|---|
| **PLAINTIFF(S)** Kevin H. Clayton | **DEFENDANT(S)** Hyannis Air Service Inc. a/k/a Cape Air, and Phillip Mackay | |

| Plaintiff Atty | John Barker & John Gallant | Type Defendant's Attorney Name |
|---|---|---|
| Address | Gallant & Ervin, LLC ~~1 Olde North Road, #103~~ | Defendant Atty / Address |
| City | Chelmsford State MA Zip Code 01824 | City / State / Zip Code |
| Tel. | (978) 256-6041 BBO# 547951 / 637406 | |

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | employment discrimination | F | ☒ 1 Yes  ○ 1 No |
| B15 | and defamation | | |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses  $ _____
  2. Total doctor expenses  $ _____
  3. Total chiropractic expenses  $ _____
  4. Total physical therapy expenses  $ _____
  5. Total other expenses (describe)  $ _____
     Subtotal $ _____
B. Documented lost wages and compensation to date  $ 48,000
C. Documented property damages to date  $ _____
D. Reasonably anticipated future medical expenses  $ _____
E. Reasonably anticipated lost wages and compensation to date  $ _____
F. Other documented items of damages (describe) pain and suffering  $ 30,000
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Wrongful termination based on defamatory story

Total $ 78,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL  $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _John Barker_  Date: 12-22-21

A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS                           SUPERIOR COURT
                                         DOCKET NO. _____

Kevin H. Clayton,
    Plaintiff

v.

Hyannis Air Service Inc. a/k/a Cape Air,
and Phillip Mackay,
    Defendants

## PLAINTIFF'S UNIFORM COUNSEL CERTIFICATION FOR CIVIL CASES

Attorneys John Gallant and John Barker are attorneys of record for plaintiff Kevin H. Clayton ("plaintiff") in the above-captioned action. These attorneys hereby certify that they have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18(5)). This Rule states in part that "Attorneys shall: provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent...."

                                         Respectfully submitted,
                                         Plaintiff Kevin Clayton,
                                         By his Attorneys,

Date: 12-21-21                           _John Barker_____
                                         John F. Gallant, BBO #547951
                                         John C. Barker, BBO #637406
                                         GALLANT & ERVIN, LLC
                                         One Olde North Road, Suite 103
                                         Chelmsford, MA 01824
                                         978-256-6041
                                         john@gallant-ervin.com
                                         jbarker@gallant-ervin.com

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2172CV00462 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Kevin H Clayton vs. Hyannis Air Service Also Known As Cape Air et al | | Scott W. Nickerson, Clerk of Court<br>Barnstable County |
| TO: John C Barker, Esq.<br>Gallant and Ervin LLC<br>One Olde North Rd<br>Suite 103<br>Chelmsford, MA 01824 | | COURT NAME & ADDRESS<br>Barnstable County Superior Court<br>3195 Main Street<br>Barnstable, MA 02630 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**          **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 03/28/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 04/27/2022 | |
| All motions under MRCP 12, 19, and 20 | 04/27/2022 | 05/27/2022 | 06/27/2022 |
| All motions under MRCP 15 | 04/27/2022 | 05/27/2022 | 06/27/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 10/24/2022 | | |
| All motions under MRCP 56 | 11/23/2022 | 12/23/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/24/2023 |
| Case shall be resolved and judgment shall issue by | | | 12/28/2023 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service. This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 12/28/2021 | Scott W Nickerson | (508)375-6684 |