UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN H. CLAYTON,<br><br>               Plaintiff,<br><br>v.<br><br>HYANNIS AIR SERVICE, INC. et al.,<br><br>               Defendants. | Civil Action No. |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION TO SUBSTITUTE THE UNITED STATES FOR PHILIP MACKAY**

      The United States of America respectfully moves this Court to substitute the United States for the federal employee defendant named in the complaint—Philip Mackay. Substitution is required for the following reasons.

      1.     On December 28, 2021, Plaintiff Kevin Clayton filed this lawsuit against (i) his former employer, Hyannis Air Service, Inc. ("Cape Air"), and (ii) Philip Mackay, a Transportation Security Administration (TSA) employee, in state court. *See* Complaint (ECF No. 1-1).

      2.     Plaintiff claims that Mackay falsely told a Cape Air manager that he saw Plaintiff engaged in sexual conduct with another man in the Provincetown Airport, and that Cape Air wrongfully terminated Plaintiff based on this report. *See* Complaint ¶¶ 17–33. As a result, Plaintiff asserts employment discrimination claims against Cape Air, as well as defamation and intentional infliction of emotional distress claims against Mackay. *See id.* ¶¶ 38–54.

      3.     The Federal Employees Liability Reform and Tort Compensation Act of 1988—commonly known as the Westfall Act—makes the Federal Tort Claims Act (FTCA) the exclusive remedy for tort claims filed against federal agencies and their employees. *See* 28 U.S.C.

§§ 2679(a), (d).  This remains true even where "an exception to the FTCA precludes government liability."  *Aversa v. United States*, 99 F.3d 1200, 1208 (1st Cir. 1996).

4. Moreover, where, as here, a plaintiff files a tort claim against a federal employee, the United States "shall be substituted" as the defendant "[u]pon certification" by the U.S. Attorney that the employee was acting within the scope of his employment.  28 U.S.C. § 2679(d); *see also* 28 C.F.R. § 15.4(a) ("The United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification").

5. On February 7, 2022, the United States Attorney for the District of Massachusetts certified that Mackay was acting within the scope of his employment with the United States at the time of the acts alleged in the complaint.  *See* Certification (ECF No. 1-3).

6. Accordingly, this Court should substitute the United States for Mackay as the sole federal defendant in this action.

WHEREFORE, the United States respectfully requests that this Court substitute the United States for Mackay.

                                      Respectfully submitted,

                                      RACHAEL S. ROLLINS
                                      United States Attorney

Dated:  February 9, 2022         By:    */s/ Michael L. Fitzgerald*
                                              MICHAEL L. FITZGERALD
                                              Assistant United States Attorney
                                              U.S. Attorney's Office
                                              1 Courthouse Way, Ste. 9200
                                              Boston, MA 02210
                                              (617) 748-3266
                                              michael.fitzgerald2@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document was served upon all parties through their counsel at the following addresses:

**Plaintiff Kevin H. Clayton**
John C. Barker
Gallant and Ervin LLC
jbarker@gallant-ervin.com
(978) 256-6041

**Hyannis Air Service, Inc.**
Sarah E. Lovejoy
Jackson Lewis PC
sarah.lovejoy@jackson
(617) 367-0025

                                               */s/ Michael L. Fitzgerald*
                                               MICHAEL L. FITZGERALD
                                               Assistant U.S. Attorney

Dated:  February 9, 2022